IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE VILLAREAL SALDIVAR, *et al.*, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:12-CV-01018-FB |
| | § | |
| SUSAN D. REED, *et al.*, | § | |
| *Defendants.* | § | |

**DEFENDANT MARTINEZ' REPLY TO PLAINTIFF'S RESPONSE TO
HIS MOTION TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants files the Reply to Plaintiffs' Response to his Motion to Dismiss as follows:

**I. Plaintiffs Attempt to Amend Their Complaint Through Their Response and Improperly Attach Evidence to Bolster the Sufficiency of the Complaint's Allegations.**

On page one (1) of Plaintiffs' Response, they state, as an argument against Martinez' Motion to Dismiss "...that Martinez also executed the initial seizure warrant on September 7, 2012 (See attached affidavit)". Plaintiffs attach Martinez' "Return and Inventory" dated September 12, 2012 to their Response. Plaintiffs' basis for denying Martinez' Motion appears to be:

1. Attempting to amend their Complaint without agreement of the parties or leave of Court through the filing of a Response to a Motion to Dismiss shifting the focus of their claim from the signing of a defective probable cause affidavit that resulted in the seizure warrant to a claim that the execution of the warrant was the basis of Martinez' liability; and

2. Attaching evidence to their Response to the Motion to Dismiss the original Complaint.

Plaintiffs cite no authority that supports an attempt to amend a Complaint through a Response to a Motion to Dismiss.  They cite no authority that supports that attaching evidence to a Response to a Motion to Dismiss the Complaint nor that the presentation of evidence can cure an insufficient Complaint.  A Motion to Dismiss attacks the sufficiency of the Complaint, not the sufficiency of the evidence, which is relevant to a Motion for Summary Judgment and irrelevant to a Motion to Dismiss for insufficiency of allegations in the Complaint.  A Complaint may not be amended by filing a Response to a Motion to Dismiss nor by attaching evidence to such Response but must be done as provided by Fed. R. Civ. Proc. 15:

(a) Amendments Before Trial

(1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice requires.

Rather than amending their Complaint, as provide by Rule 15, Plaintiffs have instead submitted a Response to a Motion to Dismiss shifting the focus to Martinez' execution of the warrant rather than the procurement of the warrant through insufficient evidence.  In support of this claim,  they attach evidence to their Response, a procedure not authorized by Rules 12(b)(6) or Rule 15. Evidence has no role when the Complaint is alleged to be  insufficient on its face and no Federal Rule or case law authorizes a Complaint to be amended through a Response to a Motion to Dismiss that attaches evidence.

**II. Plaintiffs' Claim That Martinez Is Not Entitled to Qualified Immunity Because He Executed a Seizure Warrant Insufficiently Supported by Probable Cause Has No Basis.**

As the Plaintiffs' Response demonstrates, the seizure warrant they attach as an Exhibit is dated September 7, 2012. It was based on federal agent Sanchez' affidavit, also signed on September 7, 2012. Martinez submitted no affidavit in support of the seizure warrant. Instead, Plaintiffs now focus on Martinez' warrant return signed on September 12, 2012 showing that he executed the seizure warrant. (Page one, Plaintiffs' Response). The problem with Plaintiffs' claim is that since the evidence clearly shows that the seizure warrant was the product of federal agent Sanchez' affidavit and not any affidavit Martinez presented to the Judge, the allegations against Martinez are reduced to a claim that he violated Plaintiffs' rights by executing a facially valid warrant signed by a Texas Judge on September 7, 2012. This claim is not supported by authority and is in fact contrary to federal precedent. *Roderick v. City of Gulfport, Miss.*, 144 F.Supp.2d 622, 628 (S.D.Miss.,2000) ("According to the standard adopted by the Fifth Circuit, an officer who executes a search warrant in a reasonable, good-faith manner is not liable under § 1983 for execution of the warrant, even if the judge or magistrate who issued the warrant did so in error.")

Although Plaintiffs in a conclusory manner, allege on page 2 of their Response that Martinez "...violated a constitutional or statutory right that was clearly established at the time of Defendant's actions", the specific facts alleged show no constitutional violation at all, let alone that Martinez' actions were unreasonable. Plaintiffs cite no authority that the execution of a facially valid search warrant signed by a Texas Judge- a warrant that was not obtained through any affidavit or representation to the Judge on the part of Martinez-violates clearly established law. Plaintiffs do not even make an attempt to support this theory through reference to precedent. As Plaintiffs helpfully

clarify, their allegations are:(Response, page 3) "...the District Attorney decided to search and seize Plaintiffs' assets. This was done with a sealed affidavit."[1]

Repeatedly basing their claims on general, conclusory, global, non specific allegations, Plaintiffs continue:

(Response, pp.3-4)

The Plaintiffs believe and have alleged that this investigation is tainted by racial animus and that the seizure was done without probable cause. The search and seizure of the assets was thus also unconstitutional. The case against Defendant Martinez does not end or begin with his signature on a declaration. He was part of an investigation that has resulted in the unreasonably seized property under an investigatory theory fueled by an impermissible motive.

Absent the conclusory, global and general allegations, what remains is a claim that Martinez violated the Constitution by executing a facially valid warrant signed by a Texas Judge and in some unspecified manner, violated Plaintiffs' rights by participating in an investigation "tainted by racial animus". There is a complete absence of any specific facts or precedent that support a constitutional violation based on these allegations. Plaintiffs cite no authority that such vague allegations, coupled with the one specific allegation-that Martinez executed a facially valid warrant signed by a Texas Judge-violates any clearly established law. Precedent has held that such allegations neither rise to a constitutional violation nor overcome a state law enforcement officer's qualified immunity.

Plaintiffs do not allege that seizure warrant alleged to be served by Martinez was facially defective or had an infirmity that would have alerted a reasonable officer similarly situated to Martinez that executing it would violate the Constitution. Plaintiffs cite no authority that would require a peace officer, before executing a facially valid warrant signed by a judge, to reexamine

---

[1] This is a reference to the 9/7/12 Sanchez affidavit, the only affidavit used to obtain the 9/7/12 seizure order. See exhibits attached to Plaintiffs' Complaint and Response.

whether the judge should have signed the warrant, to second guess the judge's determination or to reexamine the facts on which the judge based his issuance of the seizure warrant.

An officer conducting a warrantless search is entitled to qualified immunity if "a reasonable officer could have believed" that the search was lawful "in light of clearly established law and the information the searching officers possessed." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Anderson was a warrantless search which necessarily means that the underlying facts known to the executing officers supporting the search are the main focus. However, when a warrant signed by a judge is the basis for the search or seizure, unless the defendant officer misled the Court in securing the warrant by providing false or insufficient information, an executing officer is not required to reexamine the issuing judge's decision. A reasonable officer, presented with a facially valid warrant signed by a judge, by virtue of the facially valid warrant, could believe that the execution of the warrant does not violate clearly established law simply due to the absence of any Fifth Circuit precedent that has held otherwise. Qualified immunity would apply in this case even if it was alleged that Martinez was mistaken or did not exercise the best judgment by not carefully scrutinizing the affidavit submitted by federal agent Sanchez which provide the factual the basis of the judge's issuance of the seizure warrant in this case. *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

A law enforcement officer charged with executing a search warrant for which he did not provide the probable cause affidavit, is not required by any clearly established law, to reassess the facts on which the judge issuing the warrant relied on. An officer executing a warrant must execute the warrant within the time allowed by the warrant in a way that protects officer safety, direct a

thorough and professional search for the evidence, and avoid unnecessary destruction of property or injury to persons on the scene. An officer who complies fully with all of these duties cannot be held vicariously liable for any mistakes in judgment, if any, by the judge issuing the seizure warrant or by the officer who provided the factual basis on which the judge based his decision to issue the seizure warrant. *Maryland v. Garrison*, 480 U.S. 79, 87, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). (recognizing "the need to allow some latitude for honest mistakes that are made by officers in the sometimes complicated and difficult process of making arrests and executing search warrants").

An officer who drafts an affidavit, types up an application and proposed warrant, and then obtains a judge's approval is situated differently than an officer who executes the warrant but did not submit the facts on which the judge issued the warrant. mistake. From the perspective of the officer executing a facially valid warrant (Plaintiffs have not alleged otherwise) an officer's failure to independently reassess the decision of the judge issuing the warrant and the facts on which the judge acted is not violative of clearly established law. It cannot be said in this case that no reasonable officer could believe that executing a facially valid warrant without reassesing the judge's basis for the seizure warrant and facts on which he based his decision would violate the Constitution.

It is true, as stated in *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405 (1984), that a warrant may be so facially deficient — *i.e.*, in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid (."[A] warrant may be so facially deficient ... that the executing officers cannot reasonably presume it to be valid.") *Leon*, 468 U.S., at 923, 104 S.Ct. 3405. However, Plaintiffs have made no allegation that the seizure warrant itself was so facially deficient, that the unlawfulness of its execution should have been apparent to Martinez. If Plaintiffs made such an allegation, the proper inquiry for the Court

would be whether the officers' reliance on the defective warrant was reasonable or so defective as to be objectively unreasonable. *Maryland v. Garrison,* 480 U.S. 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) (apartment wrongly searched because the searching officers did not realize that there were two apartments on the third floor and obtained a warrant to search the entire floor); *McCleary v. Navarro,* 504 U.S. 966, 112 S.Ct. 2324, 119 L.Ed.2d 243 (1992) (house wrongly searched because informant told officers the suspect lived in the second house on the right, but the suspect lived in the third house on the right). Depending on the circumstances, a warrant may be so facially deficient—in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. Plaintiffs have not alleged such facts here.

The U.S. Supreme Court has stressed that "the purpose of encouraging recourse to the warrant procedure" can be served best by rejecting overly technical standards when courts review warrants. *Illinois v. Gates*, 462 U.S. 213, 237, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). It has also stressed that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S., at 341, 106 S.Ct. 1092 (1986). There is "ample room for mistaken judgments" within qualified immunity protection if a failure to second guess the judge's September 7, 2012 decision by Martinez can even be characterized as a mistake. *Malley*, *supra*, at 343, 106 S.Ct. 1092.

The Supreme Court has held that warrantless searches are presumptively unreasonable. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Payton v. New York*, 445 U.S. 573, 583, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), but has never held the same for a seizure pursuant to a warrant. Plaintiffs' theory that an officer's execution of a warrant signed by a judge-an officer who did not provide the facts to the judge that led to the warrant- may violate the Constitution

if the officer does not conduct an independent review of the judge's decision-is necessarily founded on extending Katz and Payton to seizures pursuant to facially valid warrants. The underlying theory of such a claim, one that has never been upheld by the Fifth Circuit or the U.S. Supreme Court is that a seizure pursuant to a warrant is presumptively unreasonable and that the executing officer must reassess the judge's decision or be subject to liability if a Court later holds that the judge should not have issued the warrant. This theory is not supported by clearly established law.

Even if an arrest warrant was defective or no longer valid, an officer is entitled to qualified immunity if he executes a facially valid warrant in good faith. *Turner v. Raynes,* 611 F.2d 92, 93 (5th Cir.1980). For the same reasons, a seizure pursuant to a warrant by an officer who did not provide the factual basis for the issuance of the warrant is not presumptively unreasonable. Such course of action falls well within the parameters of qualified immunity.

For such a theory to have a rational basis, the Plaintiffs would have to allege that the warrant in this case was so obviously deficient that the ensuing search and seizure must be regarded as a warrantless search and thus presumptively unreasonable. As the Supreme Court has noted, "[t]he presence of a search warrant serves a high function. " *McDonald v. United States*, 335 U.S. 451, 455, 69 S.Ct. 191 (1948). The Warrant Clause's principal protection lies in the fact that the " Fourth Amendment has interposed a magistrate between the citizen and the police ... so that an objective mind might weigh the need to invade [the searchee's] privacy in order to enforce the law. " Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer. From the perspective of defendant Texas Attorney General Investigator Marcos Martinez, a neutral magistrate had made a determination, evidenced by a seizure order signed by a judge on September 7, 2012, that directed the seizure be ordered to take place.

There is no allegation that the warrant was facially defective, that it was carried out beyond its limited scope, that Martinez seized items not authorized by the warrant, that it was executed in a manner that resulted in destruction of the Plaintiffs' property or otherwise executed in an unreasonable manner. Plaintiffs' contention is that the warrant was not supported by probable cause from the affidavit of federal agent Sanchez and therefore should not have been signed to begin with. Such allegations do not state a claim against Martinez or overcome his qualified immunity which rests on "the 'objective legal reasonableness of the action, *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)], assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S., at 639, 107 S.Ct. 3034.

The Plaintiffs present no cases directing an executing officer to proofread a seizure warrant and its underlying probable cause affidavit after it has been passed on by a neutral magistrate, where the officer is already fully aware of the scope of the intended search and the magistrate gives no reason to believe that he has authorized anything other than the requested search. Nor do the Plaintiffs point to any case suggesting that an officer executing a facially valid warrant is vicariously liable for any deficiencies in the affidavit submitted by another officer to the judge to procure the warrant, where the executing officer himself presented no facts to the issuing judge to cause the issuance of the warrant alleged to be insufficiently supported by probable cause.

In *Massachusetts v. Sheppard,* 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), the Court stated that although an officer who is not involved in the warrant application process would normally read the issued warrant to determine the object of the search, the Court did not hold that he had a constitutional duty to read the supporting probable cause affidavit and make an independent decision as to whether the magistrate who issued the warrant had sufficient probable cause to sign the warrant. *Id*., at 989, n. 6, 104 S.Ct. 3424.

*In Turner v. Raynes,* 611 F.2d 92, 93 (5th Cir.1980), the Fifth Circuit held that even if the arrest warrant was defective or no longer valid, an officer is entitled to qualified immunity if he executes a facially valid warrant in good faith. In *Turner,* a peace bond was posted to ensure the lawful conduct of the plaintiff. When the plaintiff failed to behave peaceably, a justice of the peace issued a warrant for his arrest and sentenced him to a year and a day in jail. The court found that even though the charge brought by the justice of the peace was nonexistent, the sheriff who executed the warrant was entitled to qualified immunity for his official actions in serving the warrant:

> *A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, (or as here, a warrant) and being mulcted in damages if he does.... It would be a strange and unworkable rule that required a sheriff, at his peril, to determine the ultimate legal validity of every warrant regular on its face and issued by proper authority before serving it.*

### III. Plaintiffs' Claim That Martinez' Did Not Adequately Investigate

As with the rest of Plaintiffs' claims, without any specific facts, they allege that Martinez' investigation was inadequate and that they need discovery to determine the type of inadequacy that might be uncovered. However, a plaintiff that states no constitutional claim or any specific facts to overcome immunity is not entitled to survive a motion to dismiss by making a global allegation with the hope that discovery might uncover some constitutional violation. It has been established by Plaintiffs' own pleadings that Martinez neither procured the seizure warrant nor executed it in some manner that would violate the Constitution. A general claim that Martinez did not properly investigate is not sufficient to overcome immunity. Allegations such as "...the investigation into Plaintiff Jose Villareal's financial activities was premised on racial and national origin profiling" are insufficient as a matter of law to overcome immunity. Complaint, paragraph 13. Paragraphs 14 and

15 are equally meaningless and irrelevant as there is no requirement that criminal charges be filed in connection with seizure of the proceeds of criminal activity:

> 14. The defendants' investigation into Plaintiffs' financial activities failed to uncover illegal activity.
>
> 15 Neither Plaintiff has been charged with any crime, much less a crime uncovered by Defendants' investigation.

To overcome an assertion of qualified immunity, a plaintiff bears the burden of showing that the officer's conduct violated a constitutional or statutory right. *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *Pearson v. Callahan,* --- U.S. ----, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). The inquiry ends if the allegations do not support a finding of constitutionally impermissible conduct. *Saucier,* 533 U.S. at 201; *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir.2003). If the plaintiff satisfies this burden, the court next decides whether the the right was clearly established at the time of the violation. *Hope,* 536 U.S. at 739; *Saucier*, 533 U.S. at 201; *Hare,* 135 F.3d at 326. A legal right is "clearly established" if preexisting law sufficiently defines the right so that a reasonable public official would understand whether his actions were constitutional in the situation confronting him. *Hope,* 536 U.S. at 739; *Williams,* 352 F.3d at 1002-03. If the law is sufficiently clear, then a plaintiff must prove that the officer's actions were objectively unreasonable under the circumstances. *Saucier,* 533 U.S. at 206; *Hare,* 135 F.3d at 326. The analysis is "based on the viewpoint of a reasonable official in light of the information then available to the defendant ...." *Freeman v. Gore,* 483 F.3d 404, 411 (5th Cir.2007).

The official's actions are held to have been objectively reasonable unless all reasonable officials in the same or similar circumstances would have recognized that the defendant's conduct violated the plaintiff's constitutional rights. If the evidence could give rise to a difference of opinion as to the lawfulness of the action among reasonably competent officers, the official is entitled to qualified immunity. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). when analyzing qualified immunity, the actions of each defendant are to be considered separately. *Meadours v. Ermel,* 483 F.3d 417, 421-22 (5th Cir.2007).

In an arrest context, *Rodriquez v. Ritchey,* 556 F.2d at 1191. (5th Cir. 1977) stated principles that arguably apply to a claim of an unlawful seizure pursuant to a seizure of property warrant as compared to the seizure of a person pursuant to an arrest warrant, at least as to the officer that is not alleged to have procured the warrant by fraud or misrepresentation:

> ...an arrest made under authority of a properly issued warrant is simply not a 'false' arrest, it is a 'true' or valid one. Second, if the facts supporting an arrest are put before an intermediate such as a magistrate or grand jury, the intermediate's decision breaks the causal chain and insulates an initiating party. Third, the general rule is that one who is engaged merely in investigative work is not liable for a resulting false arrest, even if he acted maliciously.

In *Rodriguez,* plaintiff alleged that the police officers violated his rights because they, among other things: "failed to discover evidence at the scene of the crime ... allowed evidence to be destroyed ... failed to properly investigate the crime" Assuming such actions to be true, they can be characterized as either negligent or intentional. If these actions were negligent, this is not enough to make out any Constitutional claim. The Constitution does not require police officers to conduct an error-free investigation of a crime. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979.) To allow a cause of action for negligent conduct would have a "chilling effect" on law

enforcement efforts. Negligent conduct, therefore, is simply not actionable. *Clayton v. Prudential Ins. Co.,* 554 F.Supp. 628, 632 (S.D.Tex.1982) *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978);

Even if Plaintiffs' globally allege that Martinez acted maliciously and intentionally in serving the seizure warrant, *Rodriquez* requires a finding that Martinez' execution of a facially valid warrant procured by the representations of another officer to the issuing judge, cannot be the basis for a claim of violation of clearly established law. Martinez is insulated from liability because Plaintiffs have failed to establish that the execution of a facially valid warrant violates clearly established law.

Of similar import is *Smith v. Gonzales,* 670 F.2d 522 (5th Cir.1982) ("if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment *insulates the initiating party.*") *Smith v. Gonzales* at 526, *citing Rodriquez v. Ritchey,* 556 F.2d at 1193. The exception to this rule, not applicable here because Martinez did not provide the affidavit on which the judge based his issuance of the seizure warrant, is where the procuring officer supplies false information to the judge that leads to the issuance of the warrant. Although *Von Williams v. Bridge City,* 588 F.Supp. 1187 (E.D.Tex.1984), *aff'd without op.,* 760 F.2d 267 (5th Cir.1985) and *Rodriquez v. Ritchey*, 556 F.2d 1185 (5th Cir.1977), *cert. denied,* 434 U.S. 1047 (1978) hold that where a magistrate finds probable cause as to a warrant, the state actor initiating the warrant process is immunized from liability because of a break in the causal chain, the Fifth Circuit also holds that the malicious acts of police officers are not insulated by a magistrate's or grand jury's independent finding of probable cause where there has been false information given. *Hand v. Gary,* 838 F.2d 1420 (5th Cir.1988); *Sanders v. English,* 950 F.2d 1152 (5th Cir.1992).

Plaintiffs do not allege that Martinez supplied false information to the judge who signed the September 7, 2012 seizure warrant. In fact they admit in their Complaint and Response to Martinez' Motion to Dismiss that the information supplied to the judge who issued the September 7, 2012 seizure warrant was that provided by federal agent Sanchez through her September 7, 2012 affidavit attached to Plaintiffs' Response. Whether the information supplied by agent Sanchez was adequate, false or otherwise subject to attack would not affect Martinez' qualified immunity based on his execution of facially valid seizure warrant. Expressed in concise language is the Court's statement in *Cavit v. Rychlik* F.Supp.2d, 2010 WL 173530 (S.D.Tex.,2010) (unpublished) citing " *Kugle v. Shields,* 62 F.3d 395 (5th Cir.1995) (unpublished) (stating that the law does not require an arresting officer to go behind the warrant and question its validity)" (page 4 of the Cavit opinion).

## CONCLUSION

Defendant Martinez' alleged execution of a warrant not alleged to be facially invalid was objectively reasonable as a matter of law and thus he is entitled to qualified immunity. The Plaintiffs' conclusory allegations of racial profiling and unconstitutional investigation, search and seizure are vague and insufficient to present a valid claim under the U.S. Constitution. The conduct alleged as to Martinez did not violated any clearly established law as the execution of a warrant signed by a judge and issued on the basis of facts provided to the judge by another officer provide no basis for vicarious liability on the part of Martinez. Accordingly, dismissal of the Complaint as to Martinez is requested on the basis of failure to show Martinez violated clearly established law or was objectively unreasonable in executing a seizure order signed by a Texas judge, when he did not provide the said judge with the factual basis leading to the signing of the seizure order.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Demetri Anastasiadis
**DEMETRI ANASTASIADIS**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480

Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 495-9139 (fax)

**ATTORNEYS FOR DEFENDANT**

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Marcos Martinez' Reply to Plaintiffs' Motion to Dismiss on the Basis of Qualified Immunity**, in accordance with the Electronic Case Files system of the Western District of Texas, on this the 28th day of November 2012.

/s/ Demetri Anastasiadis
DEMETRI ANASTASIADIS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Marcos Martinez' Reply to Plaintiffs' Motion to Dismiss on the Basis of Qualified Immunity**, has been electronically served on this the 28th day of November, 2012, to:

Rolando L. Rios
LAW OFFICES OF ROLANDO L. RIOS
115 E. Travis, Suite 1645
San Antonio, Texas 78205-1685
*Attorney for Plaintiffs*
rrios@rolandorioslaw.com


Sue Ann Gregory
District Attorney's Office, Bexar County
300 Dolorosa, Suite 5010
San Antonio, Texas 78205-3030
sgregory@bexar.org
dmcraw@bexar.org


                                          /s/ Demetri Anastasiadis
                                          DEMETRI ANASTASIADIS
                                          Assistant Attorney General